IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **PURNELL ELLIOTT WILLIAMS,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | |
| | § | |
| | § | **A-25-CV-159-ADA-ML** |
| | § | |
| **GREYSTAR REAL ESTATE** | § | |
| **PARTNERS, LLC, BELKORP OAKS,** | § | |
| **Defendants.** | § | |
| | § | |

ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE:

Defendants' Motion to Strike Plaintiff's Post-January 23, 2026, Filings and Objections to

the Magistrate Judge's Order Granting Plaintiff Leave to Amend The Complaint (Dkt. 30), Purnell

Williams's Response (Dkt. 31), Defendants' Motion to Stay Pending Determination of

Defendants' Motion to Strike and Objections to Magistrate Judge's Order Granting Plaintiff Leave

to Amend The Complaint (Dkt. 32), and Williams's Response (Dkt. 33) are before the court.[1]

## I.    BACKGROUND

Purnell Williams paid the filing fee and brought this suit against Greystar Real Estate

Properties, LLC and Belkorp Oaks. Dkt. 1. He alleges Defendants violated federal and state

consumer protection laws by using RealPage's algorithmic pricing software, which artificially

inflated rent prices. He asserts claims for price gouging and unfair trade practices (Count 1),

emotional distress and negligent infliction of harm (Count 2), breach of contract (Count 3),

---

[1] United States District Judge Alan D Albright referred motions in this case to the undersigned for disposition or report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 25.

1

rescission of lease agreement (Count 4), price gouging (Count 5), exploitation of a disabled veteran (Count 6), and discrimination (Count 7). Dkt. 1.

Belkorp and Greystar moved to dismiss under Rule 12(b)(5) for improper service and 12(b)(6) for failure to state a claim. Dkt. 5. Williams opposed the motion. Dkt. 6. The District Judge construed the motion as one to quash service and granted Williams additional time to properly serve Defendants. Dkt. 14. The court deferred ruling on Defendants' Rule 12(b)(6) arguments until after service was completed. Dkt. 14.

On January 23, 2026, in *Williams v. LNVN LLC*, 1:25-CV-106-ADA, Judge Albright "permanently enjoined [Williams] from filing any pleadings, motions, or other papers in this district—other than a Notice of Appeal—without prior written consent of a District or Magistrate Judge." 1:25-CV-106-ADA, Dkt. 64.

In February 2026, Williams moved to reinstate Defendants' 12(b)(6) motion and filed a supplemental opposition. Dkts. 21, 22. He also moved to file a first amended complaint, which added RealPage, Inc. as a defendant, Dkt. 24, and for service of process as to RealPage by the U.S. Marshal Service, Dkt. 23. Judge Albright then referred this case to the undersigned. Dkt. 25.

Williams's February motions did not refer to Judge Albright's January 23, 2026 Order "permanently enjoin[ing] [him] from filing any pleadings, motions, or other papers in this district." As a matter of course, and unaware of Judge Albright's January 23, 2026 Order, the undersigned granted the motion to amend, denied as moot the motion to reinstate the motion to dismiss as it would not be directed to the live complaint, and ordered Williams to file motion for leave to proceed *in forma pauperis* to support his motion for service. Text Orders dated March 12, 2026.

Williams then filed his motion to proceed *in forma pauperis*. Dkt. 27. In light of Judge Albright's January 23, 2026 Order, Defendants objected to the undersigned's orders allowing

Williams to amend the complaint and moved to strike Williams's post-January 23, 2026 filings and moved to reinstate their motion to dismiss. Dkt. 30. Defendants also moved to stay the case pending a ruling on their motion to strike. Dkt. 32. Williams responded to both motions. Dkts. 31, 33.

The undersigned will treat Defendants' objection as a motion for reconsideration.

## II.     MOTION FOR RECONSIDERATION

As Defendants point out, after Judge Albright's Order, Williams moved to reinstate Defendants' 12(b)(6) motion, filed a supplemental opposition to the 12(b)(6) motion, moved to file a first amended complaint, and moved for service of process as to RealPage by the U.S. Marshal Service. Dkts. 21, 22, 23, 24. Williams did not have permission for any of these filings. Nonetheless, Williams asserted one of his motions was "submitted in good faith." Dkt. 21 at 2.

In response to Defendants' current motions, Williams asserts that Judge Albright's January 23, 2026 Order should not apply to this case because Williams filed suit before Judge Albright issued the Order. Dkts. 31, 33.

Judge Albright's order was quite broad and with only a narrow exception for a Notice of Appeal—"Plaintiff is hereby permanently enjoined from filing any pleadings, motions, or other papers in this district—other than a Notice of Appeal—without prior written consent of a District or Magistrate Judge." *Williams v. LNVN LLC*, 1:25-CV-106-ADA, Dkt. 64. Judge Albright issued the injunction only after describing Williams's history of frivolous litigation conduct. *Williams v. LNVN LLC*, 1:25-CV-106-ADA, Dkt. 64. All of Williams's filings since January 23, 2026, are subject to Judge Albright's injunction. Williams's argument that the January 23, 2026 Order does not apply is belied by his own "Motion for Leave to Maintain Action" in *Williams v. RealPage, Inc.*, 1:25-CV-2122-DAE, Dkt. 5.

In light of Judge Albright's January 23, 2026 Order in *Williams v. LNVN LLC*, 1:25-CV-106-ADA, the court **ORDERS** that all of Williams's filings after January 23, 2026, be **STRICKEN** as they were filed without leave of court. *See* Dkts. 21, 22, 23, 24, 29, 27, 28, 31, 33, and 34. This includes Williams's First Amended Complaint and Motion for Leave to Proceed *In Forma Pauperis*, which the undersigned previously allowed to be filed, but did so only because Williams had not informed the undersigned of Judge Albright's January 23, 2026 Order. As such, the undersigned **WITHDRAWS** the text orders of March 12, 2026, as the related motions have been struck.

The court **GRANTS** Defendants' Motion to Strike Plaintiff's Post-January 23, 2026, Filings (Dkt. 30), including Defendants' request that their motion to dismiss (Dkt. 5) be reinstated. The undersigned turns to that motion next. *See* Dkts. 1 (Compl.), 5 (Mot.) and 6 (Resp).

### III.    MOTION TO DISMISS

#### A. Factual Background

Williams alleges he resided at The Oaks of Techridge for over five years. Compl. ¶ 7. In July 2020, his rent increased over $400, which he paid even though it was over the market rate for comparable units. In 2024, the housing market took a downturn, and next-door apartments with larger square footage rented for lower rates, but Greystar refused to adjust his rent. Compl. ¶¶ 8-9. Instead, Greystar made aggressive eviction threats. Compl. ¶ 9. Williams asserts Defendants caused him severe emotional distress, which directly contributed to a stroke he suffered on December 23, 2024. Compl. ¶ 9.

Williams asserts claims for price gouging and unfair trade practices (Count 1), emotional distress and negligent infliction of harm (Count 2), breach of contract (Count 3), rescission of lease

agreement (Count 4), price gouging (Count 5), exploitation of a disabled veteran (Count 6), and discrimination (Count 7). Dkt. 1.

## B. Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id.* First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of

well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

### C. Analysis

Defendants assert that Williams has not stated any plausible claim for relief. First, Defendants assert that the only plausible cause of action for "price gouging" would be under the DTPA, TEX. BUS. & COMM. CODE § 17.46(b). To state a DTPA claim, a plaintiff must plead (1) that he is a consumer under the statute; (2) that the defendant engaged in a false, misleading, deceptive act under § 17.46(b) of the DTPA, or breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) that these acts were the producing cause of plaintiff's damages. *See Brittan Commc'n Int'l Corp. v. Sw. Bell Tele. Co*., 313 F.3d 899, 907 (5th Cir. 2002).

Defendants argue that the exhibits attached to Williams's Complaint show that his rent rate actually decreased in December 2024 and therefore there is no factual basis or identified causal nexus showing a producing case of any alleged injury suffered by Plaintiff in December 2024 for the alleged "price gouging" from July 2020. Additionally, any claim for increased rent in 2020 is barred by the two-year statute of limitation. *See* TEX. BUS. & COM. CODE § 17.565. The court agrees. Accordingly, the undersigned will recommend Count 1 be dismissed.

As to Count 2—negligent infliction of emotional distress—"Texas does not recognize a cause of action under this theory. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 224 (5th Cir. 2013). Accordingly, the undersigned will recommend Count 2 be dismissed.

For Count 3, Williams asserts "Defendants' failure to adhere to the agreed-upon terms of the lease, including an adjustment to the $1,099 rent that [Williams] had agreed to, constitutes a

breach of contract." Compl. ¶ 16.  However, Williams also pleaded that "Greystar refused to adjust [his] rent." Compl. ¶ 9. A breach of contract claim requires a plaintiff to show "(1) a valid contract, (2) performance by the plaintiff as contractually required, (3) breach by the defendant, and (4) damages due to the breach." *Harrison Co., L.L.C. v. A-Z Wholesalers, Inc.*, 44 F.4th 342, 346 (5th Cir. 2022). Defendants argue this claim should be dismissed because the only contract Williams pleaded existed was the lease agreement, but he did not plead that he tendered performance, that Defendants breached the agreement, or any damages resulting from the breach. The court agrees that Williams did not plead any facts that Defendants did not fulfill their obligations under the lease agreement. Accordingly, the undersigned will recommend Count 3 be dismissed.

In Count 4, Williams asserted a claim for "rescission of lease agreement." Rescission is a remedy for a contract breach, not a cause of action under Texas law. "Rescission is an equitable remedy that operates to set aside a contract that is legally valid but is marred by fraud, mistake, or for some other reason, the court must set it aside to avoid unjust enrichment." *Humphrey v. Camelot Ret. Cmty.*, 893 S.W.2d 55, 59 (Tex. App. 1994). A trial court can grant unilateral rescission of a contract if a party shows that a breach had occurred in a material part of the contract. *Id*. Accordingly, the undersigned will recommend Count 4 be dismissed.

In Count 5, Williams asserts that Belkorp is complicit in Greystar's behavior. This is not a cause of action. Belkorp's actions will be considered in the context of Williams's other claims. Accordingly, the undersigned will recommend Count 5 be dismissed.

In Counts 6 and 7, Williams asserts claims for discrimination under the Fair Housing Act and Rehabilitation Act. These claims require that the plaintiff be a "qualified individual with a disability," and that the disability was both known and not accommodated for on the basis of some discriminatory act. *See Feist v. La., Dep't of Justice, Office of Att'y Gen.*, 730 F.3d 450, 452 (5th

7

Cir. 2013). Defendants argue Williams did not plead the elements of these claims. Williams pleaded that he is a disabled veteran, but he did not allege that he has a physical or mental impairment that substantially limits a major life activity. *See* 24 C.F.R. § 100.201. Williams alleged that Defendants offered his Caucasian neighbor a $200 decrease in rent, but he was only offered a $100 decrease. Compl. ¶ 20. However, this allegation falls short as he does not allege that he and the Caucasian neighbor were otherwise similarly situated. Williams has not alleged any facts that any alleged discrimination was based on a protected status. Accordingly, the undersigned will recommend Counts 6 and 7 be dismissed.

## IV.    MOTION TO STAY

Defendants move to stay the case pending resolution of their motions. As the undersigned is recommending dismissal of Williams's Complaint, the court grants the motion and stays all deadlines until the District Judge rules on Defendants' motion to dismiss.

## V.    ORDER AND RECOMMENDATIONS

For the reasons given above, the undersigned **GRANTS** Defendants' Motion to Strike Plaintiff's Post-January 23, 2026, Filings and Objections to the Magistrate Judge's Order Granting Plaintiff Leave to Amend The Complaint (Dkt. 30).

The undersigned also **GRANTS** Defendants' Motion to Stay Pending Determination of Defendants' Motion to Strike and Objections to Magistrate Judge's Order Granting Plaintiff Leave to Amend The Complaint (Dkt. 32) and **STAYS** all deadlines until the District Judge rules on Defendants' motion to dismiss.

For the reasons given above, the undersigned **RECOMMENDS** the District Judge **GRANT** Defendants' Rule 12(b)(5) and 12(b)(6) Motion To Dismiss (Dkt. 5) as to Defendants' Rule 12(b)(6) arguments and **DISMISS** Plaintiff's Complaint.

The referral to the undersigned should now be **CANCELED**.

## VI.     WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED April 23, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE